# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CARLOS GONZALEZ-ROJAS, | Case No.: 2:21-cv-01652-APG-DJA |
| Petitioner | |
| v. | **Order** |
| CALVIN JOHNSON, | |
| Respondent | |

I have reviewed Carlos Gonzalez-Rojas' 28 U.S.C. § 2254 habeas corpus petition,[1] and I have direct that it be served on the respondents.

A petition for federal habeas corpus should include all claims for relief of which the petitioner is aware. If the petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim.[2] Therefore, if Gonzalez-Rojas is aware of any claim not included in his petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

I THEREFORE ORDER the Clerk of Court to **ELECTRONICALLY SERVE** the petition (ECF No. 1) on the respondents.

I FURTHER ORDER the Clerk to **ADD** Aaron D. Ford, Nevada Attorney General, as counsel for the respondents and provide the respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the Attorney General only.

---

[1] ECF No. 1.

[2] *See* 28 U.S.C. §2254(b) (successive petitions).

I FURTHER ORDER the respondents to file a response to the petition within **90 days of service of the petition. Gonzalez-Rojas will then have 45 days from service of the answer, motion to dismiss, or other response to file a reply or opposition.** Any other motions will be subject to the normal briefing schedule under the local rules.

If the respondents file a response to the petition, they must comply with Habeas Rule 5. Additionally:

1. Any procedural defenses raised by the respondents in this case should be raised together in a single consolidated motion to dismiss. In other words, I do not wish to address any procedural defenses raised either *in seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such a motion to dismiss will be subject to potential waiver.

2. The respondents should not file a response that consolidates their procedural defenses, if any, with their response on the merits, except under 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If the respondents seek dismissal of unexhausted claims under § 2254(b)(2): (a) they should do so within the single motion to dismiss not in the answer; and (b) they should specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, should be included with the merits in an answer. All procedural defenses, including exhaustion, must be raised by motion to dismiss.

3. In any answer filed on the merits, the respondents must specifically cite to and address the applicable state-court written decision and state court record materials, if any, regarding each claim within the response as to that claim; and

4. The respondents must file a set of state-court exhibits relevant to the response filed to the petition. Those exhibits must be filed chronologically and be accompanied by a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further must be identified by the number or numbers of the exhibits in the attachment. The purpose of this provision is to allow the court and any reviewing court thereafter to quickly determine from the face of the electronic docket sheet which numbered exhibits are filed in which attachments.

I FURTHER ORDER that, at this time, the parties send courtesy copies of **any responsive pleading or motion and all INDICES OF EXHIBITS ONLY** to the Reno Division of this court. Courtesy copies must be mailed to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff Attorney" on the outside of the mailing address label. **No further courtesy copies are required unless requested by the court**.

Dated: September 24, 2021

_____
U.S. District Judge Andrew P. Gordon